IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY L. FOSTER, | ) | CASE NO. 1:24-CV-00359 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| vs. | ) | |
| | ) | MAGISTRATE JUDGE |
| PNC BANK and PNC BANK | ) | JONATHAN D. GREENBERG |
| CORPORATE OFFICE | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

This matter has been referred to the undersigned for general pretrial supervision, resolution of all non-dispositive motions, and a report and recommendation for disposition of case-dispositive motions pursuant to 28 U.S.C. § 636 and Local Rule 72.1. (Doc. No. 7.) Currently pending is Defendant's Motion to Dismiss (Doc. No. 5.) For the reasons set forth below, it is recommended that Defendant's Motion to Dismiss (Doc. No. 5) be GRANTED.

## I.   Procedural Background

Plaintiff Terry L. Foster ("Plaintiff") is currently incarcerated at Richland Correctional Institute. On January 22, 2024, Plaintiff, proceeding *pro se*, filed a Complaint against "PNC Bank" and "PNC Bank Corporate Office" in Cuyahoga County Common Pleas Court, Case No. CV-24-991578 (Doc. No. 1, Ex. B), alleging discriminatory treatment and negligence on behalf of Defendant[1]. On February 26, 2024, Defendant PNC Bank, N.A. ("Defendant") filed a Notice of Removal to this Court, with diversity jurisdiction being the basis for removal. (Doc. No. 1.) On March 4, 2024, Defendant filed a Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (Doc. No. 5.) On

---

[1] Defendant notes in its Motion to Dismiss that there is no entity named "PNC Bank" or "PNC Bank Corporate Office" and thus neither are a proper party to the action. Based on Ohio Secretary of State filings, the Court finds that "PNC Bank, National Association ('PNC Bank')" is the proper party to this action.

1

March 29, 2024, Plaintiff filed a Motion for Appointment of Counsel. (Doc. No. 6.) This Court denied Plaintiff's Motion for Appointment of Counsel on May 2, 2024. Plaintiff has otherwise failed to respond to Defendant's Motion to Dismiss the Complaint.

## II.    Factual Allegations

The Complaint (Doc. No. 1, Ex. B) contains the following factual allegations.

Plaintiff is currently incarcerated at Richland Correctional Institution. (*Id.*) Plaintiff alleges Defendant engaged in negligent and discriminatory practices against Plaintiff, who is a long-time account holder at one of Defendant's branches. (*Id.*) In his Complaint, Plaintiff asserts that Defendant denied Plaintiff's designated power of attorney (his daughter) from gaining access to his banking account and/or issuing a new debit card. (*Id.*) As a result, Plaintiff claims he lost possession of his vehicle due to lack of payment to his creditors. (*Id.*) He further claims to have suffered "emotional distress, mental anguish and discrimination [sic] harm" due to the negligent actions of Defendant and/or Defendant's branch workers. (*Id.*)

Plaintiff is seeking injunctive relief to have Defendant refrain from further harming Plaintiff and others, and compensatory damages in the amount of $1,000,000.00. (*Id.*) Plaintiff also argues that his claims can evolve into a class action lawsuit to "cover all persons effected [sic] retroactively" due to Defendant's negligent actions. (*Id.*)

## III.    Motion to Dismiss

### A. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), the Court accepts the plaintiff's factual allegations as true and construes the Complaint in the light most favorable to the plaintiff. See *Gunasekara v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009.) In order to survive a motion to dismiss under this Rule, "a complaint must contain (1) 'enough facts to state a claim for relief that is plausible,' (2) more than 'formulaic recitation of a cause of action's elements,' and (3) allegations that suggest 'a right to relief above a speculative level.'" *Tackett*

2

*v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting in part *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555, 556, 127 S.Ct 1955, 167 L.Ed.2d 929 (2007)).

The measure of a Rule 12(b)(6) challenge whether the Complaint raises a right to relief above the speculative level "does not require heightened fact pleadings of specifics, but only enough facts to state a claim for relief that is plausible on its face.'" *Bassett v. National Collegiate Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting in part *Twombly*, 550 U.S. at 555, 556, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.E.2d 868 (2009). Deciding whether a complaint states a claim for relief that is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

With respect to pleadings filed by pro se plaintiffs, while such pleadings "are 'liberally construed' and held to less stringent standards than formal pleadings drafted by lawyers, pro se plaintiffs must still meet the basic pleading requirements, and courts are not required to conjure allegations on their behalf." *Stansell v. Grafton Corr. Inst.*, Case No. 1:17-cv-1892, 2019 WL 660676, at *2 (N.D. Ohio Dec. 5, 2019) (citing and quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)) (citing *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)).

**B. Plaintiff's Complaint does not state a plausible claim for relief.**

Plaintiff's Complaint fails to state a claim for relief. Examination of a complaint for a plausible claim for relief is undertaken in conjunction with the "well-established principle that 'Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Gunasekera,* 551 F.3d at 466 (quoting in part *Erickson*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)) (quoting *Twombly*, 127 S.Ct.

3

at 1964). Nonetheless, while "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era…it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556. U.S. at 679, 129 S.Ct. 1937.

Here, Plaintiff alleges he has been unable to manage his banking account through his designated power of attorney and that Defendant has denied access to his account. (Doc. 1, Ex. B.) A power of attorney is a written instrument "authorizing an agent to perform specific acts behalf of his principal," the validity of which must conform to Ohio Rev. Code §1337 *et seq. Stewart v. Martin*, No. 3:21-cv-89, 2023 WL 2401720, at *5 (S.D. Ohio Mar. 8, 2023) (quoting *Testa v. Roberts*, 542 N.E.2d 654 (1988)). Plaintiff fails to specify what written instrument was provided to Defendant, or why Plaintiff's power of attorney was denied access. The allegations set forth do not bridge the logical gap between Defendant's denial of access to the bank account or issuance of a new debit card, and Plaintiff's allegations of "negligence [sic] discrimination." (Doc No. 1, Ex. B.) Plaintiff is understandably frustrated with the inability to access his bank account while incarcerated, even if through his power of attorney. He has allegedly lost possession of his vehicle as a result. (*Id.*) But under the most liberal construction, the Court finds no factual allegations upon which a valid claim rests.

**C. Plaintiff's Complaint does not give rise to a claim for Discrimination.**

Plaintiff accuses Defendant and Defendant's branch workers of discrimination, seemingly due to their denial of Plaintiff or Plaintiff's daughter access to his account. (Doc No. 1, Ex. B.) He does not specify the discriminatory actions by the Defendant, nor any law or statute under which he seeks relief. "A plaintiff's obligations to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions," and Plaintiff fails to draw the requisite conclusion between his allegation of discrimination and the protected ground he is alleging it upon, or what action was discriminatory. *Twombly*, 550 U.S. 544, 545, 127 S.Ct. 1955, 1959, 167 L.Ed.2d 929. Factual assertions need to sufficiently elevate the right to relief beyond mere speculation, and the assertions within Plaintiff's

4

Complaint do not meet this standard. *Id*. at 555. Plaintiff merely alleges he has been discriminated against due to the inability to access his account, but his allegation lacks surrounding facts to support the conclusion that the denial is discriminatory in nature.

### D. Plaintiff has not established a colorable claim for Negligence.

In addition to the discrimination claim, Plaintiff alleges Defendant's actions are negligent. (Doc. No. 1, Ex. B.) In order for a negligence claim to survive, a plaintiff must establish: "1) the existence of a duty; 2) breach of that duty by defendant; 3) proximate cause between the breach and damage to the plaintiff; and 4) damage to the plaintiff." *CSX Transp., Inc. v. Exxon/Mobil Oil Corp.*, 401 F.Supp.2d 813, 818. Defendant is purportedly liable for negligence, but Plaintiff fails to elaborate how the denial of access to his bank account constitutes a negligent action. The present matter involves a bank and its long-standing customer. Ohio law does not recognize a fiduciary duty between a bank and its customer absent "special circumstance," and this principle has been codified in Ohio Revised Code § 1109.151 which states, "[u]nless otherwise expressly agreed to in writing by the bank, the relationship between a bank and its obligor, or a bank and its customer, creates no fiduciary or other relationship between the parties or any special duty on the part of the bank to the customer or any other party." Plaintiff has not alleged, nor proffered any writing by Defendant suggesting a 'special circumstance' giving rise to a fiduciary duty owed on part of Defendant. Plaintiff has not alleged Defendant owes him a duty at all. (Doc No. 1, Ex. B.) Plaintiff has not met his burden of establishing the existence of a duty owed on behalf of Defendant. Because Plaintiff cannot establish the initial element for a negligence claim, the Court need not address the subsequent elements. As such, Plaintiff's claim for negligence is nonviable.

### IV. Conclusion

For the reasons set forth above, it is recommended that Defendant's Motion to Dismiss (Doc. No. 5) be GRANTED.

Date: May 3, 2024                                *s/ Jonathan Greenberg*
                                                              Jonathan D. Greenberg
                                                              United States Magistrate Judge

## **OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order.** *Berkshire v. Beauvais*, **928 F.3d 520, 530-31 (6th Cir. 2019).**